LAMB

*v.*

TAYLOR.

(*Supreme Court of Appeals of Virginia, February, 1886.*)

[Virginia Law Journal, 1886, p. 245.]

**Equity Jurisdiction—Usurpation of Mayor's Authority by Police Commissioners—Injunction.**

The mayor of Norfolk sought an injunction to restrain the board of police commissioners of that city from interfering with and exercising the duties of his office, setting out certain acts done by the board which he alleged to be a usurpation of his powers: *held*, equity has no jurisdiction.

Appeal from the circuit court of Norfolk city.

The opinion states the case.

*Burroughs & Bro.*, for appellant.

*Sharp & Hughes*, for appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of William Lamb, mayor, etc., represents, that he is aggrieved by a decree of the circuit court of the city of Norfolk, entered in vacation, on the 13th day of April, 1885, in the above entitled cause, dissolving an injunction granted in the said cause on the 10th day of March, 1885, by one of the judges of the supreme court of appeals of Virginia.

It appears, from the record presented, that William Lamb was duly elected mayor of the city of Norfolk on the 22d day of May, 1882, and was re-elected on the 22d day of May, 1884, each time for the term of two years commencing on the 1st day of July following the election ; and that he duly

qualified as mayor, and entered upon and performed the duties of the said office until his powers were questioned and obstructed by the defendants, who undertook to perform some of the duties of mayor of the said city of Norfolk.

On the 20th of June, 1884, he applied to the Hon. George Blow, judge of the circuit court of the city of Norfolk, for an injunction restraining the defendants from interfering with and exercising the duties of his said office of mayor, stating specifically the powers vested in him as mayor, and the powers vested in the board of police commissioners by the constitution and laws ; and stating the acts done by the said board of police commissioners, or by the defendants, constituting a majority of the said board, which he alleged to be a usurpation of the powers vested in him as mayor and chief executive officer of the city of Norfolk.

The judge of the said circuit court refused to grant the said injunction, and endorsed his refusal, and his reasons therefor, upon the said bill; and on the 23d of June, 1884, it was presented to the Hon. Drury A. Hinton, one of the judges of the court of appeals, who also refused it, and endorsed his refusal on the bill. Subsequently it was presented to this court, and on the 10th of March, 1885, the Hon. L. L. Lewis, one of the judges of this court, granted an injunction in accordance with the prayers of the bill.

On the 13th day of April, 1885, on the motion of the defendants, the said injunction was dissolved by the judge of the said circuit court of Norfolk city in a decree entered that day, in which it declares: "Whereupon, the court being of opinion that it has no jurisdiction in the cause, and that the said bill contains not any matter of equity, doth adjudge, order, and decree that the said injunction be, and the same is hereby, dissolved, annulled, and made of no effect."

From this decree this appeal is taken, and errors are assigned. But we do not review those assignments of error,

because we concur in the opinion of the circuit court that the record does not present a proper case for the injunctive interposition of the court of equity. This is a conflict of authority between two functionaries of the executive department of the municipal government of the city of Norfolk, both claiming to act under the charter of the city; but there is nobody arrested, and no case made involving individual right of person, or property, or of title to office, so as to give the jurisdiction to a court of equity to construe the statute, or charter, and to decide upon its constitutionality. In the case of Marye v. Parsons, 114 U. S. 325, the supreme court says: "No courts sit to determine questions of law *in thesi.*"

In the case of Kamper v. Hankins, 1 Va. Cas. 20, Nelson, J., says: "I do not consider the judiciary as the champion of the people, or of the constitution, bound to sound the alarm and to excite an opposition to the legislature; but when the cases of individuals are brought before the judiciary they are bound to decide." In same case, page 61, Tyler, J., says: "I will not, in an extrajudicial manner, assume the right to negative a law, for this would be as dangerous as the example before us; but if, by any legal means, I have jurisdiction of a cause, in which it is made a question, how far the law be a violation of the constitution, and therefore of no obligation, I shall not shrink from a comparison of the two, and pronounce sentence as my mind may receive conviction." In the case of Marbury v. Madison, 1 Cranch 137, the chief justice emphasizes (at page 170), "The province of this court is solely to decide on the rights of individuals, not to inquire how the executive or executive officers perform duties in which they have a discretion."

We are of opinion that the circuit court had no jurisdiction of the case presented, and therefore the decree appealed from must be affirmed.

Decree affirmed.